# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

September 19, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**L.T. and J.T.,**
**Respondents Below, Petitioners**

**vs)  No. 14-0120** (Mercer County 13-S-AP-5, 13-S-AP-10 through 13-S-AP-13)

**A.S. and P.C.,**
**Petitioners Below, Respondents**

### MEMORANDUM DECISION

Petitioners L.T. and J.T.,[1] appearing *pro se*, appeal the January 15, 2014, order of the Circuit Court of Mercer County that (1) granted petitioners personal safety orders ("PSO's") against respondents and (2) granted respondents PSOs against petitioners. Respondents A.S. and P.C., by counsel Ryan J. Flanigan, filed a response and a motion to dismiss. Petitioners filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners, a man and his father, are residents of Bluefield, West Virginia. Respondents are two female roommates, who moved into a house across the street from petitioners' residence.[2] Petitioners began complaining that respondents' dogs were barking loudly at night. Respondent A.S. received a citation for violating the City of Bluefield's noisy animal ordinance. However, petitioners were generally dissatisfied with the Bluefield Police Department's response to their complaints of loud noises occurring from respondents' residence. (In addition to loud barking, petitioners complained that respondents honked their car horns unnecessarily.) Consequently, petitioners began twenty-four hour surveillance of the exterior of respondents' house with video cameras located at petitioners' residence.

Petitioner J.T. also filed a petition for a PSO against Respondent A.S. The Magistrate Court of Mercer County denied Petitioner J.T.'s petition. As a result of the video surveillance of

---

[1] Because this appeal involves the issuance of personal safety orders, it is confidential pursuant to West Virginia Code §§ 53-8-2(a) and (b)(1).

[2] The record reflects that respondents' house is owned by Respondent A.S.'s family.

1

their residence, respondents filed petitions for PSOs against both petitioners.[3] The magistrate court issued PSOs against petitioners.

The circuit court heard Petitioner J.T.'s appeal of the denial of a PSO against Respondent A.S. in a trial *de novo* on September 11, 2013.[4] On December 16, 2013, the circuit court heard petitioners' appeals from the granting of respondents' petitions for PSOs against petitioners in a second bench trial. Following the trials, the circuit court (1) granted petitioners PSOs against respondents; and (2) granted respondents PSOs against petitioners. In its January 15, 2014, order, the circuit court stated that it was issuing the PSOs because (a) both sets of parties agreed to the issuance of mutual PSOs (i.e., PSOs against each other); and (b) the petitioner in each of the cases proved that the named respondent "committed acts and offenses," which trigger the application of West Virginia Code §§ 53-8-1 to 17,[5] and that the petitioner in each case had "a reasonable apprehension of continued unwanted or unwelcomed contacts by the named respondent" pursuant to West Virginia Code §§ 53-8-7(a)(2)(A)(i) and (ii).[6] In granting the PSOs, the circuit court directed that the PSOs shall be in effect until June 12, 2014, "on which date the parties shall return to the Court for a determination of whether the PSOs should be extended."

It is not apparent from the record whether the June 12, 2014, hearing occurred. However, on June 16, 2014, petitioners filed a motion for an injunction asking the circuit court to (1) enjoin respondents from parking anywhere other than behind respondents' house; and (2) enjoin respondents from tying up or taking out their dogs anywhere but the back of respondents' house. In making these requests, petitioners alleged that respondents violated the PSO's issued against them. In an order entered June 30, 2014, the circuit court deferred any ruling on petitioners' motion "until the West Virginia Supreme Court has ruled on [petitioners'] appeal" of its January 15, 2014, order.

Petitioners appealed the circuit court's January 15, 2014, order on February 11, 2014. Respondents filed a response on June 26, 2014, and also filed a motion to dismiss on the ground that petitioners' appeal had been rendered moot because the PSO's expired on June 12, 2014, and have not been renewed.

---

[3] Petitioners appear to assert that because Petitioner L.T. never filed a petition for a PSO, the circuit court lacked authority to issue a PSO against Petitioner L.T. Such a contention is belied by the appendix record, which contains petitions against Petitioner L.T. filed by both respondents.

[4] West Virginia Code § 53-8-9(b) provides that appeals from a magistrate court's order granting or denying a PSO are heard de novo by the circuit court.

[5] West Virginia Code §§ 53-8-1 to 17 govern the issuance of PSOs.

[6] West Virginia Code § 53-8-7(a)(2)(A)(i) and (ii) provide that a PSO may be granted if it is found, by a preponderance of the evidence, that "(i) [t]he respondent has committed an act specified in [West Virginia Code § 53-8-4(a)] against the petitioner; and (ii) [t]he petitioner has a reasonable apprehension of continued unwanted or unwelcome contacts by the respondent."

2

<u>Petitioners' Appeal Has Not Been Rendered Moot</u>

Respondents assert that the PSOs expired on June 12, 2014. Petitioners counter that the hearing scheduled for June 12, 2014, occurred and that the PSOs were renewed at that time. We find that we do not need to resolve this dispute because in petitioners' June 16, 2014, motion for an injunction, they alleged that respondents violated the PSOs when they were in effect. As indicated by the circuit court, this necessitates a ruling by this Court on whether it correctly issued the PSOs. Thus, the issue between the parties has not been rendered moot. Therefore, we deny respondents' motion to dismiss and proceed to the merits of petitioners' appeal.

<u>The Circuit Court Correctly Issued the PSOs</u>

Petitioners argue that the circuit court erred in granting the PSOs because issuing mutual PSOs is disfavored where there is no evidence supporting the issuance of a PSO against each party. *See Pearson v. Pearson*, 200 W.Va. 139, 152-54, 488 S.E.2d 414, 427-29 (1997) (Workman, C.J., dissenting) (discussing mutual protective orders in domestic violence cases). Respondents counter that the circuit court made sufficient findings independent of its conclusion that the parties had agreed to mutual PSOs to support the issuance of the PSOs. We agree.

Because the circuit court issued the PSOs following bench trials, we apply the following standard of review:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996). While petitioners refer to the circuit court's findings as "afterthoughts," the court found that the petitioner in each of the cases proved that the named respondent "committed acts and offenses," which trigger the application of the PSO statute, and that the petitioner in each case had "a reasonable apprehension of continued unwanted or unwelcomed contacts by the named respondent." Those findings are sufficient to support the circuit court's order granting the PSO's because those are the findings required under West Virginia Code §§ 53-8-7(a)(2)(A)(i) and (ii). To the extent that petitioners contend that the circuit court's findings lack evidentiary support, we note that the findings are entitled to deference. "An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995). Therefore, we conclude that the circuit court did not abuse its discretion in issuing the PSOs.[7]

---

[7] Petitioners also challenge various evidentiary rulings by the circuit court. However, a

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**   September 19, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

similar abuse of discretion standard applies to such rulings, and, from our review of the audio recordings of the bench trials, the circuit court did not abuse its discretion in its evidentiary rulings. Petitioners also argue that we should evaluate the record for plain error and cumulative error. However, because we find that the circuit court made no error, the "plain error" and "cumulative error" doctrines do not apply in this case. Similarly, we note all other errors alleged by petitioners do not warrant discussion.